Sutliff, J.,
dissenting. I am unable to perceive, that the trespass complained of is not sufficiently stated to sustain the judgment. After verdict and judgment, every intendment in law is in favor of the verity of the record, and the validity of the judgment. No objection in this case can be 'egally urged for the reversal of the judgment for want of *383 sufficiency in the statement of the cause of action in the declaration, which would not have been available to the plaintiff, .after verdict, in arrest of judgment. It is not sufficient to show that the statement of the cause of action in the declaration is so defective that the declaration would have been held _>ad even on general demurrer. Nothing but a defective cause of action, a statement omitting essential facts necessary to ■constitute a cause of action, is ground for arrest of judgment after verdict. Where only the statement of the cause of action in the declaration is inaccurate or defective from the manner in which stated, after verdict such defects are always regarded as thereby cured. The legal intendment, then, is that the verdict, so presumed in law to be true, is in accordance with the proof upon which found. Acting upon this legal intendment, the court often, in a case where the proof may have been doubtful, withholds the exercise of its discretion to set aside the verdict on motion, and gives judgment on the verdict. After verdict and judgment, it is an absolute legal presumption that all circumstances necessary in such defective statements of the cause of action, were proved on the trial to have existed in the case. The title thus imperfectly stated in the declaration, after verdict and judgment, in all such cases becomes, by intendment, complete and perfect in law. And this familiar distinction between a defective cause of action, and a defective statement of a sufficient cause of action, was recognized by this court in the case of C. & P. R. R. Company v. Stackhouse, the present term. See 10 Ohio St. Rep. 567.
What, then, is the result of the application of this rule of law to the record before us ? The action below, for the purpose of this question, is to be.regarded, as it was substantially, an action by a passenger against a common carrier of persons. For any act of malfeasance or nonfeasance on the uart of any officer or operative of the boat toward a passenger, the liability of the boat, I take it for granted, would be precisely the same as that of a railroad company for the misfeasance or nonfeasance of an officer or operative of a passenger train toward a passenger on the train. And to this *384 extent we give effect to the provisions of the statute relating to this case, and hold the action may be maintained against the boat.
The, declaration states that on the 6th day of September, 1854, the steamboat Ocean then was, and still is, a watercraft navigating the waters within and bordering on the State of Ohio, and that the plaintiff was on that day a passenger upon said boat, and that one G. L. Heaton was an officer on the said steamboat, and the clerk thereof; and complains of said boat “ for that the said G. L. Heaton, so then and there being clerk of said steamboat, then and there, to wit, on said 6th day of September, 1854, upon said boat, with force and arms, made an assault, and him, the said plaintiff, the said G. L. Heaton then and there beat, pushed, dragged and pulled about and ill treated,” etc., “ to the damage,” etc.
To this declaration the defendant pleaded the general issue.
The court before which the cause was tried, in their instruction to the jury, upon the point in controversy, say: “ The defendant does not deny that the party who is said to liave committed the assault and battery was, at the time, on board of the boat, acting as its cleric, nor is it disputed but that the plaintiff was at the time upon the boat as a passenger. At the time of the alleged injury, the defendant was engaged in carrying passengers from Detroit, in the neighboring State of Michigan, to this city. Under these circumstances, for any assault and battery committed against the person of the plaintiff by the clerk of the boat, and for which an action might be maintained personally against the clerk, the law permits suit to be brought against the boat.”
This charge of the court is strictly applicable to the cause of action stated in the declaration, and must be presumed to be to the evidence given upon the trial; and I hold it to be clearly in accordance with the law applicable to the case.
It is not necessary to express an opinion whether the declaration would or would not have been good upon special demurrer. The counsel of defendant did not deem it advisable to make that question, but pleaded the general issue.
*385 The only question here is whether the conduct of which the defendant has, upon the verdict, been adjudged guilty, constitutes in law a cause of action against a common carrier of passengers by water.
The duties of common carriers by water are in some respects peculiar, but are the same, in principles of law, as carriers by land conveyance. It. is their duty, as a general rule of law, to receive all persons who apply for passage. The master and officers of the boat or ship are bound in law, by the implied contract arising between the carrier and passenger, not only to forbear committing an assault and battery upon him in the execution of the contract between the parties, but the officers of the boat or ship are bound to be vigilant for his safety, provident for his comfort, and respectful in their treatment and demeanor toward him. Such I hold to be the duty of a common carrier by ships and steamboats, and as clearly incumbent upon such carriers as are the same duties upon carriers of passengers by railroads; and, in each case alike, the carrier is to be held accountable for the- acts and delinquencies violative of his duty toward the passenger, on the part of the officers, agents and operatives by him employed in the execution of his duty.
It is objected by my brethren that it is not stated in this declaration that the assault and battery committed by the clerk upon the passenger was connected with the discharge of his duties as elerk. I imagine very few assaults and batteries committed by clerks upon passengers are so connected. His duty as clerk, I hold, was to forbear even disrespect, much more all rudeness and violence toward the passenger. The clerk could not then, in the discharge of his duty as cleric, have committed the assault and battery upon the plaintiff.
But the declaration does explicitly charge that the assault and battery was committed upon the plaintiff as a passenger, during the execution of the contract of the carrier, and by the clerk of the boat, “so then and there being cleric.” It does not, it is true, say the clerk was, at the time, acting as clerk — writing or making entries, at the precise time of committing the offense — and I am sure such facts, if they *386 existed, can not be held indispensable after verdict and judgment, to constitute a cause of action.
If tbe rule of law applied to this case be correct, its application must be the same to a master of a boat, to the conductor of a railroad train, the driver of a hack, and all similar acting agents of the carrier of passengers, in the execution of the contract and duties of the carrier.
The importance of the rule, in its extensive practical application, induces me to here express, thus briefly, the views which I entertain upon the subject, and which have led me to dissent from the opinion entertained by my brethren, and expressed in the case.